FILED

NOT FOR PUBLICATION

OCT 20 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CITY OF FULLERTON, et al., | No. 14-56434 |
| Plaintiffs -Appellants, | D.C. No. 8:13-cv-00926-CJC-RNB |
| v. | MEMORANDUM* |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, et al., | |
| Defendants- Appellees. | |

On Appeal from the United States District Court
for the Central District of California,
Cormac J. Carney, District Judge, Presiding

Argued and Submitted October 4, 2016
Pasadena, California

Before:  D.W. NELSON and PAEZ, Circuit Judges, and BUCKLO,** District Judge.

The City of Fullerton and a group of homeowners (together, "appellants")

appeal the district court's grant of summary judgment in favor of the Insurance

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

Company of the State of Pennsylvania ("ICSOP") and Lexington Insurance Company ("Lexington," and together, "the insurers"). The district court concluded that the insurers had no duty to defend the City in an inverse condemnation action (the "*Hanson*" action) the homeowners brought against it.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

1. Exclusion X of the relevant policies limits coverage for "property damage" by excluding claims "arising out of land subsidence for any reason whatsoever."[2] "Land subsidence" is defined as "the movement of land or earth, including, but not limited to, sinking or settling of land, earth movement, earth expansion and/or contraction, landslide, slipping, falling away, caving in, eroding, earth sinking, and earth rising or shifting or tilting." Exclusion Y precludes coverage for all claims "[a]rising out of . . . inverse condemnation," except where there is "physical injury or []destruction of tangible property."

The district court correctly concluded that the property damage alleged in *Hanson* fell within the scope of Exclusion X. Neither the facts nor the law supports

---

[1] The City and homeowners ultimately settled the *Hanson* action. The terms of the settlement included an agreement to pursue this coverage action jointly against the insurers.

[2] "Property damage" is defined as "(1) [p]hysical injury to or destruction of tangible property, including all resulting loss of use of that property; or (2) [l]oss of use of tangible property that is not physically injured or destroyed."

appellants' theory that the homeowners' claimed loss of lateral and subjacent support encompasses a claim for property damage in the form of earth "weakening" unaccompanied by earth movement. On its face, the *Hanson* complaint expressly alleges damages resulting from landslides "in all areas," as well as "on-going movement and progressive destabilization." The City's description of the *Hanson* action in its communications with the insurers confirms this interpretation of the claims. And at summary judgment, appellants conceded that "[a]ny property damage alleged in the *Hanson* Action was expressly alleged to result from earth movement." None of the evidence in the record–including the testimony of the homeowners' expert in the underlying litigation–reasonably suggests that *Hanson* involved physical damage to property that was unrelated to earth movement.

Nor do appellants articulate a legal theory under which such a claim could be actionable. They do not identify any case in which a plaintiff asserted a claim for loss of lateral and subjacent support that was not directly tied to land subsidence. The cases they do cite, *Rosen v. State Farm Gen. Ins. Co.*, 70 P.3d 351 (Cal. 2003), *Strickland v. Fed. Ins. Co.*, 246 Cal. Rptr. 345 (Cal. Ct. App. 1988), and *Hughes v. Potomac Ins. Co. of D.C.*, 18 Cal. Rptr. 650 (Cal. Dist. Ct. App. 1962), do not support such a theory.

2.     Appellants do not contest the district court's conclusion that to the extent *Hanson* claimed damages other than those arising out of physical injury to property, those claims fall within the scope of Exclusion Y.

3.     Because we conclude that the district court's analysis was correct, we do not reach the alternative grounds the insurers raise for affirmance.

**AFFIRMED.**